7 U.S. 187
 3 Cranch 187
 2 L.Ed. 406
 THE MARINE INSURANCE COMPANY OF ALEXANDRIA
v.
WILSON.*
 February Term, 1805
 
 THIS was an action of covenant in the circuit court of the district of Columbia, sitting at Alexandria, brought by Wilson, the defendant in error, against the Marine Insurance Company of Alexandria, upon a policy of insurance on the brig George, from Alexandria to Havrede-Grace, &c.
 One of the clauses in the policy was in the following words, viz. 'If the above vessel, after a regular survey, shall be condemned for being unsound or rotten, the underwriters shall not be bound to pay the subscription on this policy.' The declaration was for a total loss, and averred, that the brig sailed from Alexandria, on the 24th of October, 1802, upon the voyage insured.
 The defendants pleaded,
 1st. 'That on the 24th day of October, 1802, the said brigantine, called the George, was unsound in her timbers, and by reason of the said unsoundness, was not capable of performing the voyage in the policy mentioned, viz. at and from Alexandria aforesaid, across the Atlantic ocean to Havre-de-Grace, Rotterdam or Bremen, with liberty to call at Falmouth for orders, and this they are ready to verify,' &c.
 2d. 'That after the said brigantine had gone from Alexandria aforesaid, upon the voyage aforesaid, and while she was proceeding upon the voyage aforesaid, upon the high seas, she sprung aleak, viz. on the 31st day of October, in the year aforesaid, in consequence of her not having been tight, staunch and strong enough for performing the voyage aforesaid, on the said 24th day of October, in the year aforesaid, at Alexandria aforesaid, and, at the instance of her crew, her voyage was interrupted upon account of her incapacity to perform the same. And the said brigantine was put back and conducted into a convenient port to be examined and repaired, viz. into Norfolk in Virginia, and that a regular survey of the said brigantine was made at Norfolk on the ___ day of _____ in the year _____ and thereupon the said brigantine was condemned for being unsound to that degree as not to be worthy of being repaired, and rendered fit and able to perform the voyage aforesaid, whereof the plaintiff afterwards, to wit, on the day and year last mentioned, at the county of Alexandria aforesaid, had notice, and this they are ready to verify,' &c.
 To this last plea there was, at first, a general demurrer, which was afterwards withdrawn, and general replications and issues to both pleas.
 On the trial, two bills of exception were taken by the defendants. The first states, that the defendants moved the court to instruct the jury to find a verdict for the defendants, if they should be satisfied by the testimony that the George, on the 24th of October, 1802, after a regular survey, was condemned as being unsound or rotten by the surveyors, whose report is as follows, to wit, 'The brig George, of Alexandria, Caspar Hayman, master, having put into this port in distress, we, the subscribers, at the request of said master, did this day attend on board, for the purpose of ascertaining and reporting the situation of the said vessel, and the circumstances of said distress. We found, from the report of said master, and others, that they sailed from Alexandria on the 24th of October last past, with a cargo of tobacco, coffee and staves, bound on a voyage to Falmouth, in England; that on the 31st of the same month, in consequence of having met with heavy gales of wind, the vessel sprung aleak, and that with much difficulty and continued labour at the pumps, having seldom less than three feet water in the hold, they gained this port. Considering the foregoing circumstances, and the appearances which, in our minds, confirm the same, we think proper to recommend that the vessel be hauled to some convenient wharf, the cargo landed, and the hull carefully examined. Given under our hands at Norfolk, Virginia, 17th November, 1802.
 JAMES HUNTER,
 PAUL PROBY.'
 'The cargo of the brig George, of Alexandria, having been unladen, pursuant to a recommendation contained in a report, dated the 17th instant, and signed by two of the present subscribers, we, the undersigned, at the request of Caspar Hayman, master of said brig, did this day attend on board for the purpose expressed in said report.
 'We find, on a minute examination of the hull of said vessel, that without going into an extensive repair, the intended voyage cannot be prosecuted; and, considering the heavy expense that must necessarily attend such a measure, and which, in our opinion, would exceed the value of the vessel when completed, we are clearly of opinion, that the vessel and materials, in their present state, should be immediately sold on account of those concerned. Given under our hands at Norfolk, Virginia, this 26th Nov. 1802.
 JAMES HUNTER, Merchant,
 PAUL PROBY, Ship-master,
 JOHN JARVIS,
 THOS. NASH, Master Carpenters.'
 But the court refused to give the instruction as prayed.
 The second bill of exceptions stated, that the defendants' counsel moved the court to instruct the jury to find a verdict for the defendants, if they should be satisfied by the testimony, that the brig George, after a regular survey, was condemned as having been unsound or rotten on the 24th day of October, 1802, by the surveyors, whose report is as follows: (here was inserted the same report) and shall also be satisfied by the evidence, that the said vessel, while she was performing the voyage insured upon the high seas, sprung aleak on the 31st day of October, in the year aforesaid, and at the instance of her crew, the said voyage was interrupted upon account of her incapacity to perform the said voyage; and that the said brigantine was put back, and conducted into a convenient port to be examined, namely, into Norfolk in Virginia, where the survey herein before-mentioned, was made; but the court refused to give such instruction.
 C. Lee, for plaintiffs in error. Three points arise in this cause.
 1st. That the report of the surveyors is conclusive upon the question of seaworthiness, unless partiality, corruption, or misbehaviour on the part of the surveyors, in making the survey, can be shown.
 2d. That it is competent for the defendant to explain, by parol testimony, the grounds upon which the surveyors condemned the vessel.
 3d. That it was not necessary for the insurers to plead specially the report of the surveyors, and their condemnation of the vessel, but that it might be given in evidence.
 1st. If the parties have agreed upon a tribunal to decide a particular question, they must be bound by the decision of that tribunal. So in the case of an award. It is binding upon the parties all over the world.
 But, it may be said, how are the surveyors to ascertain the condition of the vessel on the 24th of October? The answer is, that they might examine witnesses; they might judge from the universal decay of the timbers, &c.
 The covenant in the policy does not say at what time the vessel must be proved to have been unsound. But we admit, that she must be proved to have been unsound at the time the voyage commenced.
 We pleaded, that she was unsound on the 24th of October, when the voyage commenced; and we prayed the court to instruct the jury, that if they should be satisfied by the evidence that she was condemned as being unsound and rotten on the 24th of October, after a regular survey, they ought to find a verdict for the defendants. This instruction, we contend, the court ought to have given; for the report of the surveyors is like an award of arbitrators, which cannot be set aside, unless partiality, fraud, or misbehaviour be proved on the part of the arbitrators. In the case of Shelton v. Barbour, 2 Wash. 64, it was held, that a former verdict and judgment between the mother of the plaintiff, who sued for his freedom, and the defendant, by which it was adjudged that the mother was a slave, were conclusive evidence that the plaintiff, her son, was a slave. And this was in a question where freedom was concerned, and where the natural leaning of the court is presumed to be in favour of freedom.
 The judgment of a court is to be admitted as conclusive evidence, without being specially pleaded. So is an award, and the judgment of a foreign court which has jurisdiction over the subject matter and the parties.
 2d. If the report of the surveyors does not refer to the 24th of October, as the time when the vessel was unsound, it was competent for us to explain the report by testimony not inconsistent with it. There is, however, enough in the report to induce a presumption that she was not sound on the 24th. The unsoundness was in the hull, not in the rigging, masts, &c.
 To show that parol testimony might be admitted to explain any ambiguity of the report, the following cases were cited: 1. T. R. 701, Doe, dem. Freeland v. Burt. 1 Dall. 193, Gregory v. Setter. 2 Dall. 171, Field v. Briddle. 2 Dall. 173, M'Minn v. Owen. 1, Wash. 15, Ross v. Norvell.
 March 5.
 Marshall, Ch. J. declined giving an opinion, conceiving himself to be in a remote degree interested in the stock of the insurance company.
 The other three judges delivered their opinions seriatim, as follows:
 WASHINGTON, J.
 It does not appear upon the record that any other evidence was offered to prove the vessel unsound on the 24th of October, than the report of the surveyors. No parol testimony appears to have been offered to explain the report, or to apply it to the time of commencing the risk. The bill of exceptions is repugnant. It asks an opinion predicated upon the unsoundness of the vessel on the 24th of October, and relies upon the report of the surveyors, which applies only to the 31st of October. If it was intended to bring before this court the propriety of admitting parol evidence to explain the report, that question does not appear to arise from the record.
 I see no reason for reversing the judgment.
 I do not, however, mean to be understood, that if parol evidence had been offered, it would have been proper to receive it. I give no opinion upon that point.
 PATERSON, J.
 No parol evidence appears upon the record to show that the report of the surveyors referred to the 24th of October. The conclusiveness of the report, therefore, did not come before the court. It is not a point in the cause.
 CUSHING, J.
 
 
 1
 This is an action on a policy of insurance. The defence set up is, that the vessel was unsound and rotten on the 24th of October, when the risk commenced; and it is alleged that the report of the surveyors is conclusive evidence of that fact. But the report does not apply to that time. Let the judgment be affirmed with costs.
 
 
 
 *
 Present, Marshall, Ch. J. Cushing, Paterson, and Washington, Justices.